UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-00035-R

NATASHA KYLE MAHANEY,
on behalf of the estate of Pamela Kay Kyle
V.
NOVARTIS PHARMACEUTICAL CORPORATION

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven his case against the Defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations and other organizations, stand equal before the law and are to be treated as equals.

## Instruction No. 1 - Evidence in Case

The Court and the parties have mentioned the word "evidence" during this trial. "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties.

Certain things you heard during trial are not evidence. I will list those things for you now:

(a) Statements, arguments, questions and comments by the lawyers are not evidence. This includes the opening and closing arguments by the lawyers.

(b) Exhibits that were identified by a party but not offered or received in evidence are not evidence.

(c) Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by any of the objections the lawyers made. If I sustained an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

(d) Testimony and exhibits that I struck from the record, or told you to disregard, are not evidence and must not be considered during your deliberations.

(e) Anything you saw or heard about this case or its subject matter outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. If I instructed you during trial on the evidentiary purpose of a particular item, you may only use that item for that specific purpose.

**Instruction No. 2 - Deposition Testimony**

During the trial, certain testimony was presented to you by videotaped depositions. You should give this testimony the same weight and consideration you would give it had the witnesses appeared and testified here in court.

### Instruction No. 3 - Weighing the Evidence

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be based on the evidence in the case.

### Instruction No. 4 - Definitions of Direct and Circumstantial Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

5

## Instruction No. 5 - Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

A witness may be discredited or impeached by contradictory evidence; or by evidence that, at some other time, the witness has said or done something, or failed to say or do something, that is inconsistent with the witness' present testimony. In evaluating prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail. Ultimately, it is up to you to weigh any inconsistencies and decide whether a witness' testimony was credible in light of those inconsistencies.

## Instruction No. 6 - Expert Witnesses

The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses, who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be an expert, and may also state their reasons for the opinion. You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

## Instruction No. 7 - Notes

Some of you may have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

8

### Instruction No. 8 - Burden of Proof and Preponderance of the Evidence

The burden is upon the plaintiff in a civil action, such as this, to prove every essential element of each of his claims by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" simply means to prove that the claim is more likely so than not so. If the proof should fail to establish any essential element of any of Plaintiff's claims by a preponderance of the evidence, the jury should find for the defendant as to that claim.

The preponderance-of-the-evidence standard does not apply to the issue of punitive damages. I will discuss the higher burden the Plaintiff must meet with regard to punitive damages later in these instructions.

### Instruction No. 9 – Failure to warn

In this case, Plaintiff contends, and Novartis denies, that Zometa was a defective and unreasonably dangerous product because it lacked adequate warnings. Plaintiff carries the burden to show by a preponderance of the evidence the following issues:

(a) The Zometa administered to Ms. Kyle was a substantial factor in medically causing her to develop osteonecrosis of the jaw;

AND

(b) Novartis failed to provide reasonably adequate warnings regarding the risks of osteonecrosis of the jaw which it knew or reasonably should have known to the ordinary and prudent prescribing and other health-care providers who were in a position to reduce the risk of this disease that Ms. Kyle might develop;

AND

(c) Novartis' failure to provide reasonably adequate warnings regarding the risks which it knew or reasonably should have known to the ordinary and prudent prescribing and other health-care providers who were in a position to reduce the risk of osteonecrosis of the jaw was a substantial factor in causing Ms. Kyle to develop the disease.

A manufacturer or seller can market an otherwise defective and unreasonably dangerous product, such as drugs that may have benefits and risks, if the manufacturer or seller adequately warns prescribing and other health-care providers who are in a position to reduce the risk of the dangers associated with the use of that product at any time the product is sold. A manufacturer or seller only has a duty to warn of the risks or dangers of its products of which it either knew or reasonably should have known. A manufacturer is not required to warn of unknown risks. For

10

this case, Novartis had a duty to warn only of the risks it knew or reasonably should have known to exist during the time period when Zometa was marketed until the time Ms. Kyle's tooth was removed in January 2005.

"Substantial factor," as used in this and all the following instructions, means an event or occurrence that caused or was responsible for an injury as opposed to an event or occurrence that only had an insignificant or negligible effect. That is, an act or failure to act must play a significant part in bringing about or actually causing the injury, and the injury must have been the direct result or reasonably probable consequence of the act or omission. The law recognizes that a substantial factor need not be the sole cause of any injury but may be one of other substantial factors.

## Instruction No. 10 - Compensatory Damages

If you find for the Plaintiff, you will determine from the evidence and award a sum of money that will fairly and reasonably compensate her for the following damages you believe Ms. Kyle sustained as a result of taking Zometa:

(a) Medical bills Ms. Kyle incurred as a result of her osteonecrosis of the jaw; and

(b) Mental and physical pain and suffering Ms. Kyle sustained as a result of her osteonecrosis of the jaw.

It is Plaintiff's burden to show these damages by a preponderance of the evidence.

In determining the amount of damages to award, you may also consider the extent to which Ms. Kyle's pre-existing and developing medical conditions contributed to her alleged injuries separate from her treatment with Zometa. Plaintiff may not recover for alleged injuries that Ms. Kyle would have incurred regardless of whether she received treatment with Zometa.

### Instruction No. 11 - Punitive Damages

If you find for the Plaintiff and award her a sum or sums of damages under Instruction 10, and if you are further satisfied from the evidence that in failing to adequately warn regarding Zometa's risks Novartis acted in reckless disregard for the lives or safety of others, including Ms. Kyle, you may in your discretion award punitive damages against Novartis in addition to the damages awarded under Instruction 10. "Punitive damages" are damages awarded against a defendant for the purpose of punishing the defendant for its misconduct and deterring it and others from engaging in similar conduct in the future. The Plaintiff must prove punitive damages by clear and convincing evidence.

Clear and convincing proof does not necessarily mean uncontradicted proof; it means that here, the Plaintiff is required to produce evidence substantially more persuasive than a preponderance of evidence, but not beyond a reasonable doubt. Put another way, it is sufficient if there is evidence that tends to prove that Novartis acted toward Ms. Kyle with reckless disregard for her safety and that evidence is so substantial in nature that it would convince ordinary, prudent-minded people.

Your discretion to determine and award an amount, it any, of punitive damages is limited to the following factors:

(a) the harm to Ms. Kyle as measured by the damages you have awarded under Instruction 10 caused by Novartis' failure to adequately warn of the risks of Zometa.

(b) the degree, if any, to which you have found from the evidence that Novartis' failure to adequately warn of the risks of Zometa was reprehensible, considering:

13

   (i)  the likelihood at the time of such misconduct by Novartis that serious harm would arise from it; the degree of Novartis' awareness of that likelihood, the profitability of the misconduct to Novartis, the duration of the misconduct and any concealment of it by Novartis, and any action by Novartis to remedy the misconduct once it became known to Novartis; and

   (ii)  evidence of Novarits' conduct occurring outside Kentucky may be considered only in determining whether Novartis' conduct occurring in Kentucky was reprehensible, and if so, the degree of reprehensibility. However, you must not use out-of-state evidence to award Plaintiff damages against Novartis for conduct that occurred outside Kentucky.

In making your determination of punitive damages, you may not consider any harm that may have been done to any other person that is not a party to this lawsuit.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party in this case.

## Instruction No. 12 - Concluding Charge

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eleven (11) members of the jury must agree on any answer to the questions listed below.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

15